IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD DAVIS,

    Plaintiff,                        No. CIV S-11-3241 CKD P

    vs.

CORRECTIONAL OFFICER DAVIS,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded

1

1 | by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2 | exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

3 |       The court is required to screen complaints brought by prisoners seeking relief
4 | against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
5 | § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
6 | claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7 | granted, or that seek monetary relief from a defendant who is immune from such relief. 28
8 | U.S.C. § 1915A(b)(1),(2).

9 |       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 | (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12 | indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 | 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 | pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 | Cir. 1989); Franklin, 745 F.2d at 1227.

16 |       In order to avoid dismissal for failure to state a claim a complaint must contain
17 | more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
18 | of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other
19 | words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
20 | statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
21 | claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
22 | "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
23 | draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
24 | S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be
25 | granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
26 | /////

(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, plaintiff asserts defendant confiscated property belonging to plaintiff during a search of his cell in violation of plaintiff's Constitutional right to due process of law. However, the United States Supreme Court has explicitly held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Legislature has provided such a remedy against public officials in the California Government Code, §§ 900, et seq.

For these reasons, plaintiff's complaint fails to state a claim upon which relief can be granted and will be dismissed. However, the court will grant plaintiff one opportunity to amend so that he may attempt to state a valid federal claim. In addition to the above, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

1       4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 30, 2012

                                              /s/ Carolyn K. Delaney
                                              CAROLYN K. DELANEY
                                              UNITED STATES MAGISTRATE JUDGE

1
davi3241.14