IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD DAVIS,

    Plaintiff,                    No. 2:11-cv-3241 WBS CKD P

    vs.

CORRECTIONAL OFFICER DAVIS,

    Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. His remaining claim is that on February 19, 2010, defendant confiscated three leg braces limiting plaintiff's mobility, causing him "severe pain" and "further significant injury" in violation of the Eighth Amendment.[1] Defendant has filed a motion to dismiss arguing that plaintiff has failed to state a valid Eighth Amendment claim.[2]

/////

/////

---

[1] See June 20, 2012 Order.

[2] The court notes that plaintiff has filed a sur-reply with respect to the motion to dismiss. Under Local Rule 230(l), sur-replies are not permitted. Because plaintiff did not seek leave to file a sur-reply, it will not be considered.

1

I. Motion to Dismiss Standard

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Defendant's Argument

Defendant asserts that plaintiff has failed to state a claim upon which relief can be granted under the Eighth Amendment. Plaintiff's claim is, in essence, a claim for inadequate medical care. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.[3]

/////

---

[3] In his motion, defendant argues that a correctional officer who is not a medical provider (such as a doctor, nurse or E.M.T.) cannot be held liable under the Eighth Amendment for being deliberately indifferent to serious medical needs. Mot. at 7. This is not correct. See, e.g., Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012) (prisoner stated claim against correctional officers under the Eighth Amendment for deliberate indifference to a serious medical need where plaintiff alleged correctional officers ignored doctor's orders for, among other things, a "bottom bunk").

As indicated above, plaintiff asserts in his First Amended Complaint that defendant confiscated plaintiff's leg braces which resulted in plaintiff suffering pain, injury, and limited mobility. This is sufficient to state a claim upon which relief can be granted. Perhaps defendant had a legitimate purpose to confiscate plaintiff's braces which could negate a possible finding of deliberate indifference. Defendant is free to present evidence indicating as much, if such evidence exists, with a motion for summary judgment.

Defendant also asserts that plaintiff's claim should be dismissed because plaintiff was eventually offered replacement braces free of charge. However, there is nothing before the court suggesting that offer was made close in time (<u>i.e.</u> a few weeks or so) to the day when plaintiff's braces were confiscated. Thus, plaintiff's assertion that he was injured by the confiscation of his braces is plausible.

Defendant also asserts that the fact that plaintiff was not wearing his braces when they were confiscated precludes a finding that defendant was deliberately indifferent for taking them. In essence, defendant argues that unless plaintiff is required to wear the knee braces at all times, he cannot maintain an Eighth Amendment claim related to deprivation of the braces. The court disagrees. It is reasonable to assume that plaintiff may not need to wear the knee braces during periods of low activity or during periods when his level of pain is more manageable. Contrary to defendant's argument, defendant is not absolved of any Eighth Amendment liability because plaintiff's braces were not being worn by plaintiff when they were confiscated. The mere fact that plaintiff had possession of braces should have been enough to alert defendant to inquire further as to whether the braces were appropriately in plaintiff's possession before taking them.

/////
/////
/////
/////
/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's March 11, 2013 motion to dismiss be (ECF No. 29) be denied; and

2. Defendant be ordered to file his answer within 14 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
davi3241.57

4