1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD DAVIS,                          No.  2:11-cv-3241 WBS CKD P

12              Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   DAVIS,

15              Defendant.

16

17        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  His remaining claim is that on February 19, 2010, defendant, a

19   correctional officer at California State Prison, Solano, confiscated plaintiff's knee braces limiting

20   plaintiff's mobility, causing him "severe pain" and "further significant injury" in violation of the

21   Eighth Amendment.[1]  Defendant has filed a motion for summary judgment.

22    I. Summary Judgment Standard

23        Summary judgment is appropriate when it is demonstrated that there "is no genuine

24   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

25   Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

26   "citing to particular parts of materials in the record, including depositions, documents,

27

28   _____
     [1]  See ECF No. 15.

                                    1

1  electronically stored information, affidavits or declarations, stipulations (including those made for

2  purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R.

3  Civ. P. 56(c)(1)(A).

4       Summary judgment should be entered, after adequate time for discovery and upon motion,

5  against a party who fails to make a showing sufficient to establish the existence of an element

6  essential to that party's case, and on which that party will bear the burden of proof at trial. See

7  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an

8  essential element of the nonmoving party's case necessarily renders all other facts immaterial."

9  Id.

10      If the moving party meets its initial responsibility, the burden then shifts to the opposing

11  party to establish that a genuine issue as to any material fact actually does exist. See Matsushita

12  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the

13  existence of this factual dispute, the opposing party may not rely upon the allegations or denials

14  of their pleadings but is required to tender evidence of specific facts in the form of affidavits,

15  and/or admissible discovery material, in support of its contention that the dispute exists or show

16  that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.

17  R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the

18  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

19  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

20  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

21  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

22  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

23      In the endeavor to establish the existence of a factual dispute, the opposing party need not

24  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual

25  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

26  trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce

27  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

28  /////

1   Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

2   amendments).

3         In resolving the summary judgment motion, the evidence of the opposing party is to be

4   believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the

5   facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475

6   U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

7   obligation to produce a factual predicate from which the inference may be drawn.  See Richards

8   v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

9   (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than

10   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

11   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

12   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

13   II.  Plaintiff's Allegations

14         Plaintiff alleges as follows in his June 11, 2012 first amended complaint (ECF No. 14):

15         1.  On February 19, 2010, defendant confiscated three knee braces during an institutional

16   search.  Plaintiff was not present when the items were taken.

17         2.  Plaintiff was not informed by defendant why his knee braces were confiscated.

18         3.  When plaintiff asked why his braces were confiscated, defendant would not supply a

19   responsive answer.

20         4.  The knee braces were discarded.

21         5.  At some point, correctional officials indicated to plaintiff that he could purchase new

22   braces, but plaintiff asserts the braces offered were inferior in quality to the ones taken by

23   defendant and not adequate for plaintiff.  Plaintiff did not purchase them.

24         6.  Plaintiff not being able to use his braces resulted in "significant injury," "limited

25   mobility," and "very severe pain."

26   III.  Defendant's Argument And Analysis

27         The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical

28   care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a § 1983

1   claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate

2   must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

3   medical needs." Id. at 106.  The nature of a defendant's responses must be such that the

4   defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in

5   order for "deliberate indifference" to be established.  McGuckin v. Smith, 974 F.2d 1050, 1060

6   (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d

7   1133, 1136 (9th Cir. 1997).  A showing of merely inadvertent or even negligent medical care is

8   not enough to establish a constitutional violation.  Estelle, 429 U.S. at 105-06

9          Defendant asserts he should be granted summary judgment because:  1) there is no

10   evidence indicating he is the one who confiscated plaintiff's knee braces; 2) even if he did, he

11   was not deliberately indifferent to a serious medical need; and 3) he is immune from suit under

12   the "qualified immunity" doctrine.

13          It is not disputed that defendant was the one who searched plaintiff's bunk area on

14   February 19, 2010.[2]  At his deposition, plaintiff testified that after plaintiff realized his knee

15   braces were gone, he went to speak to defendant about the location of the braces and defendant

16   essentially ignored plaintiff.  RT at 14-15.  In his affidavit, defendant admits he was the one who

17   searched plaintiff's bunk area on February 19, 2010, but does not recall confiscating knee braces

18   and made no written record that he did.  However, defendant admits that it is his custom and

19   practice to confiscate medical appliances like knee braces during a search if an inmate does not

20   have written permission to possess the appliance.

21          Since it is clear that defendant had access to plaintiff's knee braces right before they went

22   missing, that defendant did not immediately indicate to plaintiff that he did not take plaintiff's

23   knee braces when plaintiff asked defendant why they were confiscated and there is no explanation

24   offered by defendant as to who took plaintiff's knee braces if defendant did not take them, there is

25   at least a genuine issue of material fact as to whether defendant took the braces.

26   /////

27

28
_____

[2]  At the time, plaintiff was not housed in a cell, but in an open dormitory designed to house
twelve men.

1      As for deliberate indifference, defendant asserts that, assuming he was the one that

2  confiscated plaintiff's braces, plaintiff did not have medical authorization to possess knee braces

3  on February 19, 2010.  This being the case, defendant would have been required under

4  departmental regulations to confiscate the knee braces.

5      Essentially, defendant argues that it was not up to him to decide whether or not plaintiff

6  could have a knee brace, it was simply his duty to follow orders given by medical staff as to the

7  issue.  Defendant presents the affidavit of Dr. Bruce Barnett who confirms that on February 19,

8  2010, plaintiff did not have medical authorization to possess a knee brace.

9      Plaintiff was granted permission in 1997 to possess and wear knee braces, but plaintiff

10  was never granted permission after that despite several medical appointments related to the

11  condition of his knees.  On December 28, 2009, a "Comprehensive Accommodation Chrono" was

12  issued with respect to plaintiff.  On that form it indicates that all current medical accommodations

13  are to be listed on the form and the form does not indicate that plaintiff was authorized to possess

14  a knee brace.  ECF No. 47-3 at 132.  According to Dr. Barnett, medically approved

15  accommodations must be reviewed and approved annually.  The following appears on the

16  "Comprehensive Accommodation Chrono:"  "Chronos indicating permanent accommodations

17  shall be reviewed annually."  Id.

18      Because medical staff had not approved plaintiff's use of a knee brace on the date

19  plaintiff's knee braces were confiscated, there can be no finding that defendant Davis was

20  deliberately indifferent to a serious medical need in violation of the Cruel and Unusual

21  Punishment Clause of the Eighth Amendment even if defendant did confiscate and discard

22  plaintiff's knee braces.  Defendant was free to rely upon medical staff rather than make his own

23  determination as whether plaintiff should have been permitted to possess knee braces.  See Hayes

24  v. Snyder 546 F.3d 516, 527 (7th Cir. 2008) (non-medical defendants are entitled to defer to the

25  judgment of medical officials on questions regarding an inmate's medical care).  If plaintiff's

26  medical condition was such that he had a right under the Constitution to possess and use knee

27  braces on the day his were confiscated, fault for plaintiff not having knee braces lies with either:

28  /////

5

1    1) plaintiff for failing to seek permission to possess and use knee braces; or 2) medical staff for

2    failing to grant permission and / or provide plaintiff with knee braces.

3         Furthermore, defendant Davis is immune from plaintiff's remaining claim under the

4    "qualified immunity" doctrine.  Government officials performing discretionary functions

5    generally are shielded from liability for civil damages insofar as their conduct does not violate

6    clearly established statutory or constitutional rights of which a reasonable person would have

7    known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether a governmental

8    officer is immune from suit based on the doctrine of qualified immunity, that court must answer

9    two questions.  The first is, taken in the light most favorable to the party asserting the injury, do

10   the facts alleged show the officer's conduct violated a constitutional right?  Saucier v. Katz, 533

11   U.S. 194, 201 (2001).  A negative answer ends the analysis, with qualified immunity protecting

12   defendant from liability.  Id.  If a constitutional violation occurred, a court must further inquire

13   "whether the right was clearly established."  Id.  "If the law did not put the [defendant] on notice

14   that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is

15   appropriate."  Id. at 202.

16        As indicated above, the facts before the court indicate that there is not a genuine issue of

17   material fact as to whether defendant Davis was deliberately indifferent to a serious medical need

18   when he confiscated plaintiff's knee braces (assuming Davis did confiscate them).  Even if the

19   court was of the opinion that a genuine issue of material fact exists, there is no law suggesting a

20   correctional officer cannot rely upon the representations of medical officials as to whether or not

21   an inmate can possess a knee brace, or rely on the fact that permission has not been obtained for

22   such an accommodation, as a basis for denying the accommodation until permission can be

23   obtained from a medical professional.

24        For all of the foregoing reasons, the court will recommend that defendant Davis's motion

25   for summary judgment be granted, and this case be closed.

26   /////

27   /////

28   /////

6

1    In accordance with the above, IT IS HEREBY RECOMMENDED that:

2        1.  Defendant Davis's motion for summary judgment (ECF No. 47) be granted; and

3        2.  This case be closed.

4    These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9    objections shall be served and filed within fourteen days after service of the objections.  The

10   parties are advised that failure to file objections within the specified time may waive the right to

11   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   Dated:  August 21, 2014

13   _____
     CAROLYN K. DELANEY

14   UNITED STATES MAGISTRATE JUDGE

17   1
     davi3241.57

7